UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONTHAKARN ARUNDJIT, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., a foreign profit corporation doing business in Washington, JOHN DOES 1-10, ABC CORPORATIONS 1-10, <br><br> Defendants. | CASE NO. 2:23-cv-840 <br><br> ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Monthakarn Arundjit's motion to remand to state court. Dkt. No. 8. Having considered Arundjit's request, Defendant Walmart Inc.'s response, and the remaining record, the Court DENIES Arundjit's motion for the reasons explained below.

## 2. BACKGROUND

Arundjit alleges a Walmart associate, "pulling an electric pallet jack[,]" negligently crashed into her shopping cart. Dkt. No. 1-2 at 5. As a result, the shopping cart hit Arundjit's foot causing her severe injuries, "together with pain,

discomfort, and limitation of movement[.]" *Id.* at 8. Arundjit seeks damages for physical injury, medical care, lost income, "[p]ain and suffering, mental anguish, inconvenience, disability, and emotional distress," and "loss of capacity and ability to enjoy life[.]" *Id.*

On August 9, 2022, Arundjit filed a complaint against Walmart in King County Superior Court. Dkt. No. 1-2. Walmart then filed a Statement of Arbitrability. Dkt. No. 9 at 29-30. Under King County rules, if the value of Arundjit's claims did not surpass $100,000, then the case would be subject to mandatory arbitration. *Id.*; *see also* RCW 7.06.020. On November 23, 2022, Arundjit objected to the Statement of Arbitrability, stating that her "case should NOT be arbitrated" because she "has not yet determined that her claim is suitable for Superior Court Civil Arbitration . . . ." *Id.* at 34 (emphasis in original). The state court issued an Order Setting Civil Case Schedule and set January 19, 2023, as the deadline for Arundjit to file a Statement of Arbitrability if she wished to limit her damages to less than $100,000. Dkt. No. 8 at 4. Arundjit did not file a Statement of Arbitrability by this deadline. *Id.*

On February 1, 2023, Walmart received Arundjit's medical records and discovery describing her injuries. *Id.* at 5. Walmart filed a second motion to transfer to arbitration on May 9, 2023. Dkt No. 1-3. Arundjit responded to this motion on May 23, 2023, arguing that her damages, "while not fully known, show legitimate damage claims that have a reasonable possibility of exceeding the $100,000 mandatory arbitration limit . . . ." Dkt. No. 10-7 at 11. King County Superior Court Judge Andrea Darvas denied Walmart's motion on June 1, 2023, stating that the

"Plaintiff has asserted that Plaintiff's claim exceeds $100,000 . . . ." Dkt. No. 1-4 at 3.

Four days after Judge Darvas's Order, on June 5, 2023, Walmart filed a notice of removal to federal court. Dkt. No. 1. Arundjit moves to remand the case to state court, arguing Walmart missed the 30-day window to remove set by 28 U.S.C. § 1446(b)(3). Dkt. No. 8.

### 3. DISCUSSION

#### 3.1 Legal standard

Under 28 U.S.C. § 1441(a), "[a] defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018), which may be based on diversity of parties when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)) (cleaned up). If the initial pleading is not removable on its face, either because diversity or amount in controversy are unclear, then 28 U.S.C. § 1446(b)(3) controls. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (holding that the first 30-day removal period under 1446(b) only applies if the complaint is removable "on its face").

Under § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To trigger the running of the 30-day removal period, a document must both fit the definition of "pleading, motion, order, or other paper" and it must be ascertainable from that document that the case is removable. To determine whether the facts supporting removal are ascertainable, Ninth Circuit courts apply the "unequivocally clear and certain" standard. *Dietrich v. Boeing Co.,* 14 F.4th 1089, 1094 (9th Cir. 2021). Other circuits applying this standard have held that the papers must provide specific and unambiguous information that shows the case is removal. *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015); *Walker v. Trailer Transit, Inc.,* 727 F.3d 819, 825 (7th Cir. 2013).

The defendant has no duty to investigate further if the plaintiff's papers do not provide a "clear statement of damages sought" or "sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014). Once those facts become evident from a pleading, motion, order or "other paper," however, then the 30-day period for removal by the defendant is triggered and removal is timely only if it happens before this period ends. *Id.*

There is no dispute about whether there is complete diversity between the parties or whether the amount in controversy exceeds $75,000; the only question before the Court is whether Walmart timely removed the action from state court. Arundjit alleges that three occurrences should have triggered the 30-day period, any one of which would render Walmart's June 5th removal untimely. *See generally* Dkt. No. 9.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND - 4

### 3.2 Arundjit's response to Walmart's second motion to transfer to arbitration on May 23, 2023, triggered the 30-day clock, so Walmart's removal on June 5, 2023, was timely.

Arundjit argues the Court should find that "by February 1, 2023, [Walmart] did have 'other paper' from which it could have ascertained the amount in controversy exceeded $75,000[.]" Dkt. No. 8 at 14 (emphasis in original). Arundjit claims the removal clock began to run at three junctures. First, she claims Walmart should have known her damages would exceed $100,000 because she objected to its Statement of Arbitrability on November 23, 2022, and failed to file her own Statement of Arbitrability by January 19, 2023, the court-ordered deadline. *Id.* at 17. Arundjit's objection, however, was not "unequivocally clear and certain." *See Dietrich*, 14 F.4th at 1094. Instead, she stated, "Plaintiff has not yet determined that her claim is suitable for Superior Court Arbitration . . . ." Dkt. No. 10-3 at 1. Further, by the plain terms of the statute, Arundjit's failure to file a paper could never be the same thing as actually filing or serving a "pleading, motion, order, or other paper" as those terms are used in 1446(b)(3). Arundjit does not cite legal authority holding otherwise.

Second, Arundjit cites her February 1, 2023, discovery responses as starting the 30-day removal clock. Dkt. No. 8 at 5. To be sure, responses to discovery requests may suffice as "other paper" under 28 U.S.C. § 1446(b)(3), *see, e.g.*, *Lillard v. Joint Med. Products*, 1995 WL 20609 *3, (N.D. Cal.1995) (suggesting that all formal discovery meets the definition of "other paper"), but the discovery responses Arundjit prepared and served fall short of an unequivocally clear statement of damages. The discovery responses listed only two specific numerical amounts:

$8,961.14 and $5,835.25. *See* Dkt. No. 8 at 8. While Arundjit lists many forms of treatment and states that there are likely future medical expenses, she does not provide an estimated cost for these prospective treatments. *Id.* Walmart may assess removability from the "four corners" of Arundjit's papers, not speculation about the value of Arundjit's medical treatments or a duty to make further inquiry. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."); *see also Romulus,* 770 F.3d at 75. Here, the four corners of Arundjit's discovery response and simple calculations reveal damages totaling $14,796.39, far less than the $75,000.00 threshold for removal.

Lastly, Arundjit argues that her response to Walmart's second motion to arbitrate on May 23, 2023, "presented Judge Darvas with all the same information disclosed to [Walmart] by February 1, and from that Judge Darvas found it ascertainable" that her damages exceed $100,000. Dkt. No. 8 at 20. But Arundjit overlooks the fact that her response also included a clear statement missing from other filings—a clear statement that she seeks recovery over $100,000. Specifically, Arundjit stated in her response, "although . . . Arundjit's injuries and damages remain not fully known, . . . [she] clearly has a legitimate damages claim that has a reasonable possibility of exceeding the $100,000 mandatory arbitration limit." Dkt. No. 10-7 at 9.

The Court finds this is an unequivocal statement of damages. Because courts have considered responses to motions be "other paper" listed in 1446(b)(3), this

filing triggered the 30-day removal close. *See Jackson v. Brooke*, 626 F. Supp. 1215, 1216-1217 (D.Colo.1986); *Amrhein v. Propsperity Bank*, NO. 4:18-CV-19, 2018 WL 2392800, at *4 (E.D. Tex. May 25, 2018). Walmart removed this case on June 5, 2023, a mere 13 days after Arundjit's unequivocal statement. As a result, Walmart's removal was timely and remand is not required.

**3.3   Arundjit is not entitled to attorneys' fees.**

Because the Court finds Walmart to have a reasonable basis for seeking removal, attorney's fees under 28 U.S.C. § 1447(c) are not appropriate. Accordingly, the Court denies Arundjit's request for reasonable attorneys' fees.

## 4.   CONCLUSION

Accordingly, the Court DENIES Arundjit's motion to remand to state court.

Dated this 20th day of December 2023.

Jamal N. Whitehead
United States District Judge