THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONTHAKARN ARUNDJIT,

        Plaintiff,

    vs.

WALMART INC., a foreign profit
corporation doing business in Washington;
JOHN DOES 1-10; and ABC
CORPORATIONS 1-10,

        Defendants.

NO. 2:23–cv–00840–JNW

STIPULATED ORDER REGARDING
EXAMINATION PURSUANT TO FED. R.
CIV. P. 35

## **STIPULATION**

This is a personal injury action. The plaintiff alleges injuries, symptoms, damages,

conditions, limitations and other consequences from the conduct of the defendants in an incident

which occurred on or about September 22, 2019 as described in the Complaint. The defendants

have requested an examination pursuant to Fed. R. Civ. P. (Rule) 35 by the doctor they have

retained, Eugene Toomey, M.D. Rule 35 authorizes the Court to order an examination of a party

whose mental or physical condition—including blood group—is in controversy only on motion

for good cause and on notice to all parties and the person to be examined and the order must specify

STIPULATED ORDER REGARDING
EXAMINATION PURSUANT TO FED.
R. CIV. P. 35

(No. 2:23-cv-00840-JNW)

Page 1

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA  98188
Telephone: (425) 524-4600
Facsimile: (206) 492-7943

the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

The parties agree that the only relevant conditions claimed to be "in controversy" are those injuries to Ms. Arundjit's right lower extremity alleged to have been caused by the September 22, 2019 Walmart incident.  Based on the foregoing, the parties stipulate and agree to subject the plaintiff to only one examination without need for any motion, without need to show "good cause" as Rule 35 also requires, and subject to the terms and conditions in this stipulation and as reflected in the order below, to which the parties stipulate and propose to Court subject to its approval.

DATED this 12th day of September, 2024.

DATED this 12th day of September, 2024.

WILLIAMS, KASTNER & GIBBS PLLC

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC

By: _____
Eddy Silverman, WSBA #53494
Attorney for Defendants Walmart Inc.
601 Union Street, Suite 4100
Seattle, WA  98109

By: _____
Alan M. Singer, WSBA # 31302
Anna R. Tseytlin, WSBA No. 37560
Attorneys for Plaintiff
6720 Fort Dent Way, Suite 150
Tukwila, WA  98188

## **ORDER**

Pursuant to the stipulation of the parties, understanding that this Court may order a physical examination of the Plaintiff by a suitably licensed or certified examiner, on motion for good cause, setting forth the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it, the Court orders as follows:

1.      Examiner Eugene Toomey shall conduct an orthopedic examination of plaintiff Monthakarn Arundjit's body on Friday September 13, 2024 starting at 11:00 am or on such other

STIPULATED ORDER REGARDING
EXAMINATION PURSUANT TO FED.
R. CIV. P. 35

(No. 2:23-cv-00840-JNW)

Page 2

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA  98188
Telephone: (425) 524-4600
Facsimile: (206) 492-7943

date and time as agreed upon by the parties. The examination shall occur at the following location: 1401 E. Jefferson Street, fifth floor, Seattle, WA 98122.

2.      Defendants shall provide (a) a copy of the examiner's curriculum vitae, (b) fee schedule, and (c) an outline listing what specific orthopedic tests his examination will consist of. These materials shall be provided to plaintiff's counsel at least one day prior to the examination.

3.      Plaintiff may have a representative present at the examination at no additional charge.

4.      Plaintiff may also make an audio and video recording of the examination, at no additional charge. Audio or video recording is not to be the responsibility of either the examiner or his staff. Audio or video recording will not be done in such a manner so as to interfere with the examiner's orthopedic physical examination. Audio and video recording shall be done by a designee from the office of the examinee's attorney. Plaintiff shall not be responsible for paying the examiner any additional charges that he may hope to receive from any person making any audio or video recording of the examination. Any and all costs and expenses related to this examination shall be paid for solely by the defendants or their insurers. Within five (5) days of the examination, defendants shall deliver to plaintiff's counsel plaintiff's actual expenses incurred for attending the examination, which expenses shall not exceed one hundred and fifty dollars ($150.00), including for travel, parking, or other losses. Plaintiff's counsel will provide information or receipts to verify any claimed expenses promptly after the examination.

5.      The non-invasive orthopedic examination shall be limited to inquiry in the field of expertise of the examiner, orthopedic surgery, and shall only address the conditions in controversy. The examiner shall not offer opinions or conduct an inquiry or examination into fields outside his field of expertise (i.e., he may make no inquiry or examination into areas such as psychiatric,

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA  98188
Telephone: (425) 524-4600
Facsimile: (206) 492-7943

psychological, etc.) and shall not conduct any examination or testing of parts of plaintiff's body not "in controversy" as stipulated above (i.e., the examiner will examine only plaintiff's right lower extremity).

6.      No psychiatric or psychological tests shall be administered. No invasive tests shall be done.

7.      Plaintiff shall not be asked to fill out any forms at or before the examination.  The examiner shall not ask questions already asked of her in this litigation to date.  The examiner shall have access to all of the Plaintiff's statements disclosed to the Defendants in discovery, to answers to discovery requests disclosed in discovery, and to deposition testimony given at Defendants' request, all of which contain information about the incident at issue.  A certified Thai interpreter will be present at the examination at no expense to Plaintiff; however, Plaintiff is free to not answer any questions that she has already been asked or that she is unable to answer, including without reviewing her medical records or that she does not remember or that she does not fully understand. Plaintiff requested that defendants agree that defendants and the examiner may not testify or comment on her not answering questions at trial, but the parties agree that the issue of the defense or its examiner giving any testimony, argument or commentary about how Ms. Arundjit answers questions and about what the defense or the examiner thinks of this will be reserved for the trial judge by separate motion if necessary.

8.      As to COVID-19: All attendees including all examinees, examiner, and other ancillary personnel, such as videographers, legal nurse consultants, legal representatives, interpreters, and all other person that will be participating in this CR 35 exam will be required to wear a facial mask at all times within the office. If needed, a mask will be provided. During the check in process, questions will be given in writing to the examinee and other relevant personnel to disclose any symptoms of COVID-19 including runny nose, sore throat, couth, chest pain, difficulty breathing,

STIPULATED ORDER REGARDING                    Page 4
EXAMINATION PURSUANT TO FED.
R. CIV. P. 35

(No. 2:23-cv-00840-JNW)

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA  98188
Telephone: (425) 524-4600
Facsimile: (206) 492-7943

temperature above 100 degrees, or other symptoms known to be related to COVID-19. If any such symptoms are present then the examination will be discontinued so that the affected person can see their family physician or present to an urgent care center for COVID-19 testing. At the conclusion of the examination, the reception area and exam room will be cleaned in preparation for the next examinee.

9.     Within ten (10) business days of the examination, defense counsel shall deliver to plaintiff's counsel a copy of the examiner's detailed written report setting out all information required by Rule 35, and shall include all of the examiner's findings and opinions, all of the assumptions provide to the examiner that the examiner considered and relied on in forming their opinions, all tests completed, all results of all tests completed, and all diagnoses and conclusions. Plaintiff requested defendants agree that the examiner's report and testimony at trial shall in no way comment on or include the examiner's personal opinions about the plaintiff's credibility, whether cast in the form of "Waddell Signs," "malingering," or any other manner, but the parties agreed that the issue of any such opinions of Dr. Toomey concerning plaintiff's credibility will be reserved for the trial judge by separate motion if necessary.

10.    On behalf of Dr. Toomey, defendants shall accept service of any subpoena, notice, or other document or legal process that plaintiff counsel would like to serve on Dr. Toomey by delivery of the same to their attorneys of record by mailing them to Williams, Kastner & Gibbs PLLC, 601 Union Street, Suite 4100, Seattle, WA 98101-2380, or by emailing the same to esilverman@williamskastner.com.

11.    Also within ten (10) business days of the examination, defendants shall provide plaintiff counsel with a complete copy of all facts and data that defendants provided to the examiner and

STIPULATED ORDER REGARDING
EXAMINATION PURSUANT TO FED.
R. CIV. P. 35

(No. 2:23-cv-00840-JNW)

Page 5

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA 98188
Telephone: (425) 524-4600
Facsimile: (206) 492-7943

that the examiner considered in forming his opinions, including complete, true, and correct copies of any medical references the examiner used in assessing plaintiff's condition.

12.     To avoid plaintiff incurring unreasonable costs to take the deposition of the examiner, plaintiff has asked the defense to agree as a condition of any examination (a) that the examiner shall charge plaintiff no more than $500.00 per hour for the amount of time actually taken for the deposition, not including defense attorney questions, as reported by the court reporter, (b) that any remainder charged by the examiner for such deposition shall be paid for by the defendants or their insurers, (c) that there shall be no minimum deposition pre-payment required to be paid by the Plaintiff, (d) that the Plaintiff shall not be charged for records review, or any other deposition preparation by the examiner, and (e) that the location of any deposition of the examiner shall be in the examiner's office, or by Zoom or other virtual means, or in another location convenient.  The defense would not agree, but because this is the last remaining condition in dispute for the examination to proceed, rather than allow this to delay or prevent the examination, plaintiff will bring a motion asking this Court to order what charges would be reasonable and must be paid to depose the examiner.

13.     Defendants shall advise the examiner of the above conditions for the examination of Ms. Arundjit and shall confirm to plaintiff's counsel in writing prior to the examination that the examiner agrees to all the above conditions, and to this Court's Order regarding the examination of Monthakarn Arundjit.

14.     No examination shall occur unless this order is presented to Judge Whitehead prior to the examination date.

STIPULATED ORDER REGARDING          Page 6
EXAMINATION PURSUANT TO FED.
R. CIV. P. 35

(No. 2:23-cv-00840-JNW)

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA  98188
Telephone: (425) 524-4600
Facsimile: (206) 492-7943

15.     At trial, the parties, the examiner, and any other witnesses shall not refer to this examination as an "independent" examination, as an "independent medical examination," as an "IME," and shall in no way state or imply the examination is impartially administered.


SO ORDERED this 13th day of September, 2024.


_____
Jamal N. Whitehead
United States District Judge

Presented by:

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC


By: _____
  Alan M. Singer, WSBA No. 31302
Anna R. Tseytlin, WSBA No. 37560
Law Offices of Anna R. Tseytlin, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA 98188
Telephone: (425) 524-4600
Emails: asinger@tseytlinlaw.com
           atseytlin@tseytlinlaw.com
Attorneys for Plaintiff

Notice of Presentation Waived; Approved as to Form:


WILLIAMS KASTNER AND GIBBS, PLLC


By: _____
Eddy Silverman, WSBA #53494
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600
Email: esilverman@williamskastner.com
Attorney for Defendants


STIPULATED ORDER REGARDING          Page 7
EXAMINATION PURSUANT TO FED.
R. CIV. P. 35

(No. 2:23-cv-00840-JNW)

LAW OFFICES OF ANNA R. TSEYTLIN, PLLC
6720 Fort Dent Way, Suite 150
Tukwila, WA 98188
Telephone: (425) 524-4600
Facsimile: (206) 492-7943